UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**LINDA SALZBERG,**

    **Plaintiff,**

v.

**VCA ANIMAL HOSPITALS, INC.,**
**d/b/a VCA SIMMONS ANIMAL**
**HOSPITAL, and UNITED**
**COLLECTION BUREAU, INC.,**

    **Defendant.**

_____/

**CASE NO.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Linda Salzberg ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against VCA Animal Hospitals, Inc., d/b/a VCA Simmons Animal Hospital, ("VCA Simmons") and United Collection Bureau, Inc., ("UCB") (collectively "Defendants"), and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2. Defendants attempted to collect a disputed debt (the "Alleged Debt") by contacting Plaintiff despite knowing that Plaintiff was represented by counsel and in violation of the TCPA.

1

3. Despite having knowledge and receiving notice that Plaintiff had retained legal counsel, Defendants attempted to collect the Alleged Debt directly from Plaintiff in violation of Florida and federal law.

4. Plaintiff seeks damages, costs and attorney's fees from Defendants, for the above violations.

## JURISDICTION AND VENUE

5. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

7. Plaintiff, Linda Salzberg, is a natural person residing in Palm Beach County, Florida, where the causes of action arose, is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and is a "person" under 47 U.S.C. § 227 *et seq*.

8. Defendant, VCA Animal Hospitals, Inc., d/b/a VCA Simmons Animal Hospital, is headquartered in California, does business in the State of Florida, and is a "creditor," as that term is defined by Fla. Stat. § 559.55(5).

9. Defendant, United Collection Bureau, Inc., is headquartered in Ohio, does business in the State of Florida, is a "debt collector," as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" under 47 U.S.C. § 227 *et seq*.

10. Defendants, in the conduct of their businesses, use one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

11. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

12. The Defendants' communications, set forth below, were made to exhaust the Plaintiff's will in an attempt to have the Plaintiff pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Plaintiff, either expressly or impliedly communicating to Defendants to stop calling Plaintiff.

## FACTUAL ALLEGATIONS

13. Plaintiff allegedly owed a debt for veterinary services that were purportedly provided to Plaintiff's dog in the amount of $445.75.

14. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

15. On or about December 12, 2017, Plaintiff took her dog to VCA Simmons because Plaintiff's dog was having difficulty breathing.

16. On or about December 12, 2017, VCA Simmons allegedly conducted an ECG on Plaintiff's dog and indicated that Plaintiff's dog was fine, but recommended leaving the dog for overnight observation. Instead, Plaintiff's dog was still having issues breathing and panting so Plaintiff took her dog to Palm Beach Veterinary Specialists for a second opinion on December 12, 2017.

17. Upon arrival at Palm Beach Veterinary Specialists, veterinarians indicated that Plaintiff's dog had fluid around his heart and immediately drained the fluid.

18. In approximately December 2017, VCA Simmons began sending Plaintiff billing statements in an attempt to collect on the Alleged Debt.

19. In approximately February 2018, Plaintiff retained legal counsel.

20. On or about February 23, 2018, Plaintiff's legal counsel sent VCA Simmons a letter indicating that they had been retained by Plaintiff and that Plaintiff was disputing the charges as the veterinary services were substandard. A copy of the letter sent to VCA Simmons is attached hereto as **Exhibit A**.

21. Despite having knowledge that Plaintiff retained legal counsel, VCA Simmons continued to contact Plaintiff directly until approximately July 2018.

22. On or about July 25, 2018, VCA Simmons sent Plaintiff a collection notice indicating that if they did not hear from Plaintiff within ten days, VCA Simmons was going to assign Plaintiff's account to a collection agency. A copy of the collection notice sent to Plaintiff is attached hereto as **Exhibit B**.

23. In approximately August 2018, UCB began calling Plaintiff on her cellular telephone in an attempt to collect on the Alleged Debt.

24. Upon information and belief, UCB has called Plaintiff approximately 14 times on

her cellular telephone since August 2018 in an attempt to collect on the Alleged Debt.

25. In approximately August 2018, Plaintiff again instructed UCB that she had retained legal counsel.

26. On or about August 23, 2018, Plaintiff's legal counsel sent a letter to VCA Simmons indicating that Plaintiff is continuing to receive telephone calls from a collection agency despite Plaintiff's legal counsel's initial letter indicating that Plaintiff had retained their services and to cease all further communications with Plaintiff directly. A copy of the letter sent to VCA Simmons is attached hereto as **Exhibit C**.

27. UCB continued to call Plaintiff on her cellular telephone until approximately October 2018 despite knowledge and notice that Plaintiff was represented by legal counsel.

28. Upon information and belief, UCB called Plaintiff's cellular telephone after 9:00 PM.

29. Upon reasonable belief, UCB utilized an automated telephone dialing system when contacting Plaintiff. This is evidenced by the fact that UCB would leave automated voicemails on Plaintiff's cellular telephone and UCB would call Plaintiff's cellular telephone from different telephone numbers.

30. As detailed below, that conduct constitutes a violation of the FDCPA, FCCPA, and TCPA.

### COUNT I

### VIOLATION OF § 559.72(7) OF THE FCCPA BY VCA SIMMONS

31. This is an action against VCA Simmons for violation of Fla. Stat. § 559.72(7).

32. Plaintiff realleges and incorporates paragraphs 1 through 30, as if fully set forth herein.

33. VCA Simmons communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

34. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. Through its conduct, described above, VCA Simmons directly and through its agents violated the above section of the FCCPA.

36. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

37. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, VCA Simmons is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

38. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of VCA Simmons, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE**,** Plaintiff respectfully requests this Court enter a judgment against VCA Simmons, finding that VCA Simmons violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF § 559.72(18) OF THE FCCPA BY VCA SIMMONS

39. This is an action against VCA Simmons for violation of Fla. Stat. § 559.72(18).

40. Plaintiff realleges and incorporates paragraphs 1 through 30, as if fully set forth herein.

41. VCA Simmons communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

42. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

43. Through its conduct, described above, VCA Simmons directly and through its agents violated the above section of the FCCPA.

44. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

45. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, VCA Simmons is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

46. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of VCA Simmons, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against VCA Simmons, finding that VCA Simmons violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE FDCPA BY UCB

47. This is an action against UCB for violation of 15 U.S.C. §1692 *et seq*.

48. Plaintiff re-alleges and reincorporates paragraphs 1 through 30, as if fully set forth herein.

49. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

50. UCB uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or UCB regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

51. UCB, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

52. Through the conduct described above, UCB violated the following provisions of the FDCPA:

**15 U.S.C. § 1692(c)(a)(1)**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

At any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

**15 U.S.C. § 1692(c)(a)(2)**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

53. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

54. As a result of UCB's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

55. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that UCB has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## VIOLATION OF § 559.72(7) OF THE FCCPA BY UCB

56. This is an action against UCB for violation of Fla. Stat. § 559.72(7).

57. Plaintiff realleges and incorporates paragraphs 1 through 30, as if fully set forth herein.

58. UCB communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

59. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

60. Through its conduct, described above, UCB directly and through its agents violated the above section of the FCCPA.

61. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

62. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, UCB is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

63. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of UCB, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against UCB, finding that UCB violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT V

## VIOLATION OF § 559.72(17) OF THE FCCPA BY UCB

64. This is an action against UCB for violation of Fla. Stat. § 559.72(17).

65. Plaintiff realleges and incorporates paragraphs 1 through 30, as if fully set forth herein.

66. UCB communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

67. Fla. Stat. § 559.72(17) provides, in pertinent part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9:00 p.m. and 8 a.m. in the debtor's time zone without prior consent of the debtor.

68. Through its conduct, described above, UCB directly and through its agents violated the above section of the FCCPA.

69. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

70. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, UCB is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

71. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of UCB, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against UCB, finding that UCB violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VI

## VIOLATION OF § 559.72(18) OF THE FCCPA BY UCB

72. This is an action against UCB for violation of Fla. Stat. § 559.72(18).

73. Plaintiff realleges and incorporates paragraphs 1 through 30, as if fully set forth herein.

74. UCB communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

75. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

76. Through its conduct, described above, UCB directly and through its agents violated the above section of the FCCPA.

77. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

78. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, UCB is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

79. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of UCB, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against UCB, finding that UCB violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VII

### VIOLATIONS OF THE TCPA, 47 U.S.C § 227 *ET SEQ,* BY UCB AND VCA SIMMONS

80. This is an action against Defendants for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

81. Plaintiff realleges and reincorporates paragraphs 1 through 30, as if fully set forth herein.

82. UCB, acting on behalf of VCA Simmons, used an automatic telephone dialing system to communicate with Plaintiff. Therefore, VCA Simmons is jointly and severally liable for the actions and conduct of UCB.

83. Defendants, in the conduct of their business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

84. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –
>
>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

85. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's express consent.

86. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

87. Defendants willfully, knowingly, and intentionally made multiple calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system after Plaintiff told Defendants that Defendants did not have permission to call Plaintiff's cellular telephone.

88. As a result of the above violation of the TCPA, Defendants are liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

89. Based upon the willful, knowing, and intentional conduct of Defendants as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendants: (1) finding that Defendants violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendants willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fla. R. Civ. P. 1.430.

Dated: January 4, 2019               Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

/s/ Gus M. Centrone, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
*Attorneys for Plaintiff*